UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN E. KEELER,

    Plaintiff,

vs.                                              Case No. 8:05-CV-1463-T-27TBM

FLORIDA DEPARTMENT OF HEALTH,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Amended Motion for Judgment on the Pleadings (Dkt. 15), Defendant's Motion for Judgment on the Pleadings (Dkt. 11) and Plaintiff's Responses (Dkts. 16, 17).[1]

Plaintiff filed this action against her former employer, the Florida Department of Health ("FDOH"), alleging "retaliation" and "failure to uphold the laws set forth by the Americans with Disabilities Act ["ADA"]". (Dkt. 1, p.1). According to Plaintiff, the FDOH "conspired to get rid of [her]" after she asked her supervisor for a transfer and reported inadequacies within her unit. (Dkt. 1, p. 2). Plaintiff claims that "denying [her] the transfer was a means of retaliation" and that the FDOH terminated her in retaliation for "Stirring the Pot." (Dkt. 1, p. 2). Plaintiff does not

---

[1] Defendant amended its motion for judgment on the pleadings to include an Eleventh Amendment Immunity defense.

specify what title of the ADA she is suing under or set forth the type of relief she seeks.[2]

The FDOH moves for judgment on the pleadings, arguing it is immune under the Eleventh Amendment from any claim for monetary damages brought pursuant to Title I of the ADA. (Dkt. 15). The FDOH contends judgment on the pleadings is appropriate because as a matter of law, there was no failure to accommodate Plaintiff and the retaliation alleged could not have violated the ADA. (Dkts. 11, 15).

## Applicable Standard

Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c). When reviewing a motion for judgment on the pleadings, the facts in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Ortega v. Christian*, 85 F.3d 1521 (11th Cir. 1996) (citing *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978)).

## Discussion

### Eleventh Amendment Immunity

The FDOH correctly argues that it is immune from claims for monetary damages brought pursuant to Title I of the ADA.[3] *See Board of Trustees of the University of Alabama. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that state agencies are entitled to Eleventh Amendment immunity

---

[2] It is difficult to discern from the face of the Complaint specifically what ADA violations Plaintiff alleges. In the Complaint, Plaintiff merely states that the FDOH failed to "uphold the laws set forth by the [ADA]." (Dkt. 1, p. 1). Oddly, in her response to the FDOH's motion for judgment on the pleadings, Plaintiff claims that this Court has subject matter jurisdiction "under Section 15(a)(3) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3); Title VII of the Civil Rights Act; Section 102 of the Civil Rights Act; Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); Title II of the ADA, 42 U.S.C. 12131-12165 and 42 U.S.C. 12202 ; Section 503(a) of the ADA, 42 U.S.C. § 12203(a) and Section 503(b) of the ADA, 42 U.S.C. § 12203(b)." (Dkt. 17, p. 1).

[3] Title I of the ADA governs discrimination on the basis of disability in employment. *See* 42 U.S.C. §§ 12111-12117.

from employees' monetary claims brought pursuant to Title I of the ADA). To the extent that Plaintiff alleges such a claim, the claim is DISMISSED.

<u>Failure to Accommodate</u>

The FDOH contends judgment on the pleadings is appropriate on Plaintiff's failure to accommodate claim because Plaintiff did not request to be "accommodated" pursuant to the ADA and because at the time the FDOH denied her request for transfer, it did not know of her alleged disability. (Dkt. 11, p. 2).

As a matter of law, the FDOH cannot be held in violation of the ADA for not providing a reasonable accommodation unless it knew of Plaintiff's disability or limitations. *See Fussell v. Georgia Ports Authority*, 906 F. Supp. 1561, 1569 (S.D. Ga. 1995) (citing *Miller v. National Cas. Co.*, 61 F.3d 627, 629 (8th Cir. 1995)). The ADA plaintiff must show that the employer had knowledge of the limitation and the need to accommodate it before it failed to make a reasonable accommodation. *Cheatwood v. Roanoke Industries*, 891 F. Supp. 1528, 1538-39 (N.D. Ala.1995). The burden is on the non-obviously disabled plaintiff to timely alert the employer of her claimed disability and thus afford the employer an opportunity to make a reasonable accommodation. *Id.*

Plaintiff's allegations concerning the FDOH's knowledge of her disability and her request for an accommodation are not crystal clear. At this stage of the proceedings, however, this Court cannot conclude as a matter of law that Plaintiff's allegations are insufficient to support a claim under the ADA. In the Complaint, Plaintiff alleges that she requested a transfer in part due to the impact her job was having on her health and that she notified the FDOH of her disability one month after her initial request for a transfer. (Dkt. 1, p. 2). This Court must accept these allegations as true and view them in the light most favorable to Plaintiff. *See Ortega,*, 85 F.3d at 1522. Moreover, because Plaintiff is a *pro se* litigant, the Court must be lenient when enforcing pleading

requirements. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). While the FDOH may ultimately succeed on the grounds raised in support of its motion for judgment on the pleadings, at this stage of the proceedings this Court cannot conclude that Plaintiff's claim fails as a matter of law.

Retaliation

The FDOH contends judgment on the pleadings is appropriate on Plaintiff's retaliation claim because Plaintiff does not allege that she opposed unlawful ADA practices or participated in an action protected by the ADA. (Dkt. 11, p. 4). Pursuant to the ADA,

> [n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203.

Plaintiff alleges that her request for a transfer was denied in retaliation for her reporting inadequacies within her unit and that she was terminated in retaliation for "Stirring the Pot." (Dkt. 1, p. 2). Based on these allegations, this Court cannot conclude that Plaintiff's retaliation claims fail as a matter of law. While the FDOH may ultimately be successful in defending against this claim, there are questions of material fact which prevent this Court from finding as a matter of law that the bases alleged for retaliation are not in violation of the ADA. For example, Plaintiff alleges she was terminated for "Stirring the Pot." At this stage of the proceedings it is unclear whether "Stirring the Pot" includes protected activity under the ADA. Judgment on the pleadings therefore is not appropriate. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Amended Motion for Judgement on the Pleadings (Dkt. 15) and Motion for Judgment on the Pleadings (Dkt. 11) are GRANTED in part and DENIED in part. To the extent that Plaintiff seeks money damages pursuant to Title I of the ADA, Plaintiff's claim is DISMISSED. In all other respects, the FDOH's motions for judgment on the pleadings are DENIED.

**DONE AND ORDERED** in chambers this 25th day of January, 2007.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record