**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KAREN E. KEELER,**

    **Plaintiff,**

**v.**                                                **Case No. 8:05-cv-1463-T-27TBM**

**FLORIDA DEPARTMENT OF HEALTH,
Division of Disability Determinations,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on referral by the Honorable James D. Whittemore for a report and recommendation on **Defendant's Motion to Dismiss Amended Complaint** (Doc. 78). Plaintiff, who is proceeding *pro se*, opposes the motion (Doc. 83).

I.

A.

A procedural overview is useful. On August 4, 2005, Plaintiff filed suit against her former employer, Florida Department of Health ("Defendant" or "FDOH"), alleging "retaliation" and "failure to uphold the laws set forth by the Americans With Disabilities Act." (Doc. 1). On March 9, 2006, Defendant was served with the summons and Complaint. (Doc. 7). Defendant subsequently filed a Motion for Judgment on the Pleadings (Doc. 11) and an Amended Motion for Judgment on the Pleadings (Doc. 15). On January 26, 2007, the court granted Defendant's motions in part. The court granted the motions to the extent

Plaintiff sought monetary damages under Title I of the Americans With Disabilities Act ("ADA"), finding that Defendant was immune from suit, and denied the motions to the extent Plaintiff alleged ADA claims for failure to accommodate and retaliation. (Doc. 18). On February 15, 2008, Defendant filed a Motion for Summary Judgment. (Doc. 31). Also on that date, Plaintiff filed a Motion to Amend Complaint, whereby she sought to add new claims, including, among others, a claim for a violation of the Fair Labor Standards Act ("FLSA"). (Doc. 34). On March 7, 2008, the court denied Plaintiff's Motion to Amend Complaint. (Doc. 39). On June 6, 2008, the court granted Defendant's Motion for Summary Judgment, finding that Plaintiff had failed to meet her burden of establishing either a *prima facie* case of disability discrimination (failure to accommodate) or retaliation under Title I of the ADA. (Doc. 54). Plaintiff appealed that Order, as well as the district court's order denying her Motion for Extension of Time, Motion for Reconsideration, and Motion to Amend. (Doc. 63). On April 27, 2009, the Eleventh Circuit Court of Appeals affirmed the district court's order granting summary judgment in favor of Defendant as to Plaintiff's failure-to-accommodate claim. (Doc. 67). It concluded, however, that the district court erred in construing Plaintiff's complaint as alleging only failure-to-accommodate and retaliation claims under the ADA and in confining its summary judgment analysis to those claims. *Id.* at 20. It further concluded that, construed liberally, Plaintiff's complaint "may have stated a claim under the FLSA." *Id.* As such, it vacated the judgment and remanded the case for further proceedings "because Keeler's complaint, liberally construed, also stated a claim for

retaliation under the FLSA."[1]  *Id.* at 21.  Under this backdrop, Plaintiff filed her Amended Complaint on September 8, 2009,[2] suing Defendant for retaliation (retaliatory discharge), pursuant to the FLSA, 29 U.S.C. §§ 215(a)(3), 216(b).  (Doc. 70).[3]

B.

According to the allegations in the Amended Complaint,[4] Plaintiff was employed as a records technician for the FDOH beginning in September 2003.  In September 2004, Plaintiff complained to the office manager, Bonnie Cain, that herself and others in Mae Harper's unit had to work additional unreported time each day to meet the production goals established by management and they were being forced to squeeze nine hours of work into an eight-hour workday.  Plaintiff indicated that Ms. Harper was aware that her employees worked unauthorized overtime but ignored it.  Plaintiff also requested a transfer to a less stressful position.  Ms. Cain told Plaintiff no one else had complained about the workload.

---

[1] Mandate issued on August 3, 2009.

[2] On September 18, 2009, Plaintiff filed a Revised Amended Complaint.  (Doc. 81).  Defendant moved to strike Plaintiff's Revised Amended Complaint.  (Doc. 82).  The district court granted Defendant's motion, finding that Plaintiff filed the Revised Amended Complaint without leave of court and without obtaining Defendant's written consent.  Although it was ordered that the Revised Amended Complaint be stricken, the district court indicated that its Order was "without prejudice to Plaintiff filing a motion requesting leave to file a second amended complaint."  (Doc. 84).  A motion for leave has not been filed.

[3] In identifying the parties, Plaintiff also names as defendants three FDOH supervisors in the Tampa area office -- Alan Shaffren (program administrator), Bonnie Cain (office manager), and Mae Harper (records specialist).  (Doc. 70 at 3).

[4] Given the procedural posture of this case, a large amount of discovery was completed prior to the filing of the Amended Complaint.  Consequently, Plaintiff refers to and cites deposition testimony, affidavits, and other documentary evidence throughout the Amended Complaint.

3

After this meeting, Plaintiff alleges that she was retaliated against in the following manner for "stirring the pot:" Ms. Harper verbally harassed her, Plaintiff's every activity at work was monitored, Plaintiff's request for a transfer to a less stressful position was denied, Plaintiff was reassigned to another unit that was known to be difficult, Plaintiff was given a memo detailing specific work to be done each day every day for two weeks, and her performance appraisal from September 2004, which was satisfactory, was changed to probationary in October 2004. That same month, Ms. Cain and Ms. Harper counseled Plaintiff and told her she was not allowed to work for free or work off the clock. Plaintiff was terminated on December 9, 2004. Thus, the gravamen of Plaintiff's complaint is that she was wrongfully discharged from the FDOH for complaining about the workload and because she "stirred the pot." Plaintiff seeks compensatory and punitive damages, as well as fees and costs. (Doc. 70 at 3).

C.

Defendant moves to dismiss the Amended Complaint, pursuant to Rule 12(b)(1) and/or (6) of the Federal Rules of Civil Procedure. Defendant urges dismissal is warranted under Rule 12(b)(1) for a lack of subject matter jurisdiction because the FDOH, as an agency of the State of Florida, is immune from private suits for damages and injunctive relief. In support thereof, Defendant relies on *Powell v. Florida*, 132 F.3d 677 (11th Cir. 1998) and *Meredith-Clinevell v. Department of Juvenile Justice*, 344 F. Supp. 2d 951 (W.D. Va. 2004). In the alternative, Defendant urges that dismissal is warranted under Rule 12(b)(6) for failure to state a claim because the protected activity alleged by Plaintiff, i.e., an informal complaint to a supervisor about her workload, does not allege a violation of the FLSA and does not fall

4

within an activity of a nature described by the statute. Lastly, Defendant urges that Plaintiff should not receive another opportunity to amend given the procedural history of this case and dismissal with prejudice is warranted. (Doc. 78).

In response, Plaintiff contends that Eleventh Amendment immunity is inapplicable given the Eleventh Circuit's decision in *Bailey v. Gulf Coast Transportation, Inc.*, 280 F.3d 1333 (11th Cir. 2002). Even if Defendant enjoys sovereign immunity, Plaintiff argues that it waived its Eleventh Amendment immunity by accepting federal funding and participating in federally regulated activity. In support thereof, Plaintiff relies on *Brockman v. Wyoming Department of Family Services*, 342 F.3d 1159 (10 Cir. 2003); *Robinson v. Kansas*, 295 F.3d 1183 (10th Cir. 2002), *Garrett v. Board of Trustees of the University of Alabama*, 223 F. Supp. 2d 1244 (N.D. Ala. 2002); *Atascadero State Hospital v. Scanlon*, 473 U.S. 234 (1985); and *Sandoval v. Hagan*, 197 F.3d 484 (11th Cir. 1999). Regarding Defendant's Rule 12(b)(6) argument, Plaintiff urges that her informal complaint to a manager is protected activity under the FLSA anti-retaliation statute and her factual allegations adequately state a retaliation claim under the FLSA. (Doc. 83).

II.

A.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003). Facial attacks challenge the court's jurisdiction based on the allegations in the complaint, which the court accepts as

true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, factual attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In this case, Defendant facially attacks the court's subject matter jurisdiction. Accordingly, Plaintiff's allegations are accepted as true for the purposes of the instant motion. *See id.*

B.

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff. *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which she bases her claim. Instead, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint does not need detailed factual allegations to meet this standard, a plaintiff must provide the grounds of her entitlement to relief beyond labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion, the factual allegations of a complaint must do more than state a speculative right to relief on an assumption that all the allegations in the complaint are true. *Bell Atlantic*, 550 U.S. at 555-56 (citations omitted). The test is not whether the complainant will ultimately prevail but

whether she is entitled to offer evidence in support of the claims pleaded. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Davis v. Scheuer*, 468 U.S. 183 (1984). Because Plaintiff is proceeding *pro se*, the court construes the complaint more liberally than had it been drafted by an attorney. *See Powell v. Lennon* 914 F.2d 1459, 1463 (11th Cir. 1990).

C.

Under the FLSA, "no employer shall employ any of [its] employees . . . for a workweek longer than forty hours unless such employee receives compensation for h[er] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [s]he is employed."[5]  29 U.S.C. § 207(a)(1). The anti-retaliation provision of the FLSA provides, in part, that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . ."[6] 29 U.S.C. § 215(a)(3). The FLSA is remedial and humanitarian in purpose and should be interpreted

---

[5]"Employ" is defined as including "to suffer or permit work," 29 U.S.C. § 203(g), and "[w]ork not requested but suffered or permitted is work time," 29 C.F.R. § 785.11. Further, it is the duty of management to exercise its control and see that work is not performed if it does not want it to be performed, and the mere promulgation of such a rule is not enough. 29 C.F.R. § 785.13.

[6]Damages for retaliation cases are provided for in § 216(b), which states that, "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount of liquidated damages." 29 U.S.C. § 216(b).

7

liberally. *A.H. Phillips, Inc., Inc. v. Walling*, 324 U.S. 490, 493 (1945); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1265 (11th Cir. 2008); *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 939 (11th Cir. 2000).

III.

The Eleventh Amendment bars federal courts from entertaining suits against states.[7] U.S. Const. Amend. XI. While the express language of the Amendment does not bar suits against a state by its own citizens, the Supreme Court has long held that unconsenting states are immune from lawsuits brought in federal court by the state's own citizens.[8] *Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., Fla.*, 421 F.3d 1190, 1192 (11th Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890); *Manders v. Lee,* 338 F.3d 1304, 1308 n. 8 (11th Cir. 2003). Eleventh Amendment immunity, however, is not absolute. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999). Even if the Amendment bars a suit, a party may sue the state if Congress has validly abrogated the state's

---

[7]The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

[8]This bar extends to state agencies, state officials in their official capacity, and other arms of the state. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Manders*, 338 F.3d at 1308.

immunity or if the state has waived its immunity.[9] *See id.*; *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).

The Eleventh Amendment bars Plaintiff's suit against the FDOH. Here, Plaintiff sues Defendant, an agency of the State of Florida, in federal court for violating the FLSA and seeks monetary damages.[10] Further, Congress has not validly abrogated Eleventh Amendment immunity in FLSA cases.[11] *See Powell*, 132 F.3d at 678 (affirming dismissal of FLSA claim for unpaid wages against state based on Eleventh Amendment immunity); *see also Mills v. Maine*, 118 F.3d 37, 48-49 (1st Cir. 1997) (rejecting argument that Congress properly abrogated state immunity under FLSA); *Abril v. Virginia*, 145 F.3d 182, 185-89 (4th Cir. 1998) (affirming dismissal of FLSA wage and overtime action by state prison employees); *Wilson-Jones v. Caviness*, 99 F.3d 203, 206-11 (6th Cir. 1996) (barring action by state employees under FLSA); *Raper v. Iowa*, 115 F.3d 623, 624 (8th Cir. 1997) (affirming

---

[9]"An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction: 'The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed on federal jurisdiction.'" *Seaborn v. Fla. Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998) (citing *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 72-73 (1996)).

[10]To the extent Plaintiff sues FDOH supervisors Alan Shaffren, Bonnie Cain, and Mae Harper, they clearly appear to be state officials sued in their official capacity.

[11]The Supreme Court's decisions in *Seminole Tribe* and *Alden v. Maine,* 527 U.S. 706 (1999), effectively invalidate the FLSA's private right of action as applied against state agencies. *Rodriguez v. Puerto Rico Fed. Affairs Admin.*, 435 F.3d 378, 378-379 (D.C. Cir. 2006). In *Seminole Tribe,* the Supreme Court held that Article I did not give Congress authority to divest States of sovereign immunity from suit in federal court. *Seminole Tribe,* 517 U.S. at 72-73. Three years later in *Alden,* which involved FLSA section 16(b), the Supreme Court extended *Seminole Tribe* to suits brought in state court. *Alden,* 527 U.S. at 754. Read together, *Seminole Tribe* and *Alden* mean that state employees no longer have any "court of competent jurisdiction," 29 U.S.C. § 216(b), in which to sue their employers for FLSA violations. *Rodriguez*, 531 F.3d at 380.

9

dismissal of FLSA action by state employees for unpaid overtime); *Quillin v. Oregon*, 127 F.3d 1136, 1138-39 (9th Cir. 1997) (holding federal courts lack jurisdiction over FLSA overtime claims against states absent waiver of immunity). Although *Powell* and the above cases involved wage and/or overtime FLSA claims, the same rationale and result is reached with regards to FLSA retaliation claims. *See Mun v. Univ. of Alaska*, No. 06-35265, 2008 WL 3925858, *1 (9th Cir. 2008) (unpublished); *Tittl v. Ohio Dep't of Mental Health*, No. 1:06cv1411, 2008 WL 731035, at *4-5 (N.D. Ohio, Mar. 17, 2008) (granting summary judgment in favor of defendant on plaintiff's FLSA and FLSA retaliation claims on the basis of sovereign immunity); *Meredith-Clinevell*, 344 F. Supp.2d at 954 (dismissing plaintiff's FLSA claims for monetary damages (but not for injunctive relief) for lack of subject matter jurisdiction because state immune from suit); *Bornick v. Sondalle*, 179 F. Supp. 2d 941, 949 (E.D. Wis., Nov. 20, 2001) (finding that employee's FLSA retaliation claim against state employee was barred by Eleventh Amendment).[12]

Nor has the State of Florida consented to suit in federal court for violations of the FLSA. *See Powell*, 132 F.3d at 678; *see also Fish v. Fla. Dep't of Corrs.*, No. 6:07-cv-1543-Orl-31UAM, 2007 WL 4365727, *1 (M.D. Fla. Dec. 11, 2007). Furthermore, contrary to Plaintiff's argument, the State of Florida has not waived its Eleventh Amendment immunity

---

[12]Plaintiff's argument to the contrary relies on *Bailey*, wherein the court stated, "[t]he remedies § 216(b) provides to employees for violations of the FLSA's anti-retaliation provision are broader than those available for violations of the wage and overtime provisions" given the anti-retaliation provision allows for equitable relief. *Bailey,* 280 F.3d at 1335. However, *Bailey,* a case involving private parties, does not speak to the jurisdictional issue before this court. Furthermore, Plaintiff's suit is for money damages not injunctive relief. *See* (Doc. 70 at 3, 13).

10

in FLSA cases by accepting federal funds to pay state workers such as herself who are employed to resolve social security disability claims.[13] *See Atascadero State Hosp.*, 473 U.S. at 246-47 (recognizing that, "the mere receipt of federal funds cannot establish that a state has consented to suit."); *Abril*, 145 F.3d at 191 (providing that, in the absence of any specific federally funded program which requires waiver as a condition to participation or receipt of funds, court would not imply consent to be sued in federal court under the FLSA). The cases on which Plaintiff rely are inapposite in that they involve discrimination under the Rehabilitation Act and not the FLSA.

Consequently, Plaintiff's FLSA retaliation claim against Defendant is precluded because the FDOH is immune from suit under the Eleventh Amendment and the exceptions to such immunity are inapplicable.[14]

---

[13] Under the Spending Clause, the federal government may condition a waiver of sovereign immunity on the receipt of federal funds. *Sandoval*, 197 F.3d at 493, *rev'd in part on other grounds*, 532 U.S. 275 (2001). However, the receipt of federal funds alone cannot establish that a state has consented to suit in federal court. *Atascadero State Hosp.*, 473 U.S. at 238, *superseded by statute on other grounds*. Rather, the "funding statute [must] 'manifest a clear intent to condition participation in the programs funded under the Act on a State's consent to waive its constitutional immunity.'" *Id.* at 247. Here, Plaintiff points to no funding statute.

[14] On this conclusion, the court need not reach the Rule 12(b)(6) argument. However, if the court disagrees on the Eleventh Amendment immunity issue, the motion should be denied. Defendant's argument in this respect is two-fold. First, Defendant argues that Plaintiff fails to state a claim because she only made an informal complaint to her supervisor and did not file a complaint or institute any proceeding. Second, Defendant argues that Plaintiff fails to state a claim because the informal complaint she made to her supervisor did not involve a violation of the FLMA. The Eleventh Circuit has suggested a contrary view of Plaintiff's allegations, indicating that Plaintiff arguably can state a claim for FLSA retaliation. Furthermore, in this circuit, informal complaints to employers by their employees can constitute protected activity under the anti-retaliation provision of the FLSA. *See EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir. 1989) (explaining that, "unofficial complaints expressed by the women to their employer about unequal pay constitute an assertion of rights protected under the statute, and "[b]y giving a broad construction to the

11

IV.

For the reasons set forth above, it is RECOMMENDED that **Defendant's Motion to Dismiss Amended Complaint** (Doc. 78) be GRANTED. It is RECOMMENDED further that the dismissal be with prejudice because any attempt at amending the claim would be futile given Defendant's immunity from suit under the Eleventh Amendment.

        Respectfully submitted on this
        8th day of December 2009.

        _____
        THOMAS B. McCOUN III
        UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record
Pro se Plaintiff

---

anti-retaliation provision to include the form of protest engaged in here by the charging parties, its purpose will be further promoted."); *see also Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 626 (5th Cir. 2008) (providing that informal internal complaints may constitute protected activity under the FLSA).