UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN KELLER,

        Plaintiff,

vs.                                            Case No. 8:05-CV-1463-T-27TBM

FLORIDA DEPARTMENT OF HEALTH,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 87) recommending that Defendant's Motion to Dismiss Amended Complaint (Dkt. 78) be granted. Plaintiff has filed objections (Dkt. 88). Upon consideration, the motion (Dkt. 78) is **GRANTED**.

*Discussion*

The Magistrate recommended that Plaintiff's FLSA retaliation action be dismissed on sovereign immunity grounds. *See* U.S. Const. amend. XI. Plaintiff raises two primary objections to the application of Eleventh Amendment immunity to her action. Both are without merit.

First, Plaintiff argues that Congress abrogated the states' sovereign immunity in FLSA actions. Resolution of this issue requires examination of two questions: "first, whether Congress has unequivocally expressed its intent to abrogate the immunity, and second, whether Congress acted pursuant to a valid exercise of power." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 1123, 134 L. Ed. 2d 252 (1996) (quotation omitted). Plaintiff correctly argues that the present version of the FLSA is a clear legislative statement of Congress' intent to abrogate the sovereign immunity of the states. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 78, 120 S. Ct. 631, 642, 145 L. Ed. 2d 522 (2000). The question therefore turns on whether Congress' intended

1

abrogation was pursuant to a valid grant of constitutional authority. Plaintiff does not dispute that Congress cannot authorize suits by private parties against un-consenting states pursuant to the Commerce Clause. *See Seminole Tribe*, 517 U.S. at 72-73, 116 S. Ct. at 1131-32. Instead, she focuses on § 5 of the Fourteenth Amendment, which does empower Congress to abrogate the states' sovereign immunity. *See Kimel*, 528 U.S. at 80, 120 S. Ct. at 644. As discussed in the legion of cases cited by the Magistrate, the FLSA is not a valid exercise of Congress' Fourteenth Amendment enforcement authority. *See, e.g., Abril v. Virginia*, 145 F.3d 182, 186-89 (4th Cir. 1998); *Mills v. Maine*, 118 F.3d 37, 44-49 (1st Cir. 1997), *cited with approval in Powell v. Florida,* 132 F.3d 677, 678 (11th Cir. 1998). Therefore, the states' sovereign immunity is undisturbed in FLSA actions, notwithstanding Congress' intent to the contrary. *See Powell*, 132 F.3d at 678.

Second, Plaintiff contends that Florida constructively waived its sovereign immunity by accepting federal funding. A waiver of sovereign immunity will not be found in the absence of an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1, 105 S. Ct. 3142, 3145 n.1, 87 L. Ed. 2d 171 (1985), *superseded by statute on other grounds.* Accordingly, "the mere receipt of federal funds cannot establish that a State has consented to suit in federal court." *Id.* at 246-47, 105 S. Ct. at 3149. On the other hand, "[w]here Congress has unambiguously conditioned the receipt of federal funds on a waiver of immunity" a state cannot "continue to accept federal funds without knowingly waiving its immunity." *Garrett v. University of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1293 (11th Cir. 2003).

Plaintiff does not identify a particular statute which conditions the receipt of federal funds on the waiver of sovereign immunity. However, she relies on *Brockman v. Wyoming Department of Family Services*, 342 F.3d 1159 (10th Cir. 2003), *Robinson v. Kansas*, 295 F.3d 1183 (10th Cir.

2002), and an unspecified district court opinion in *Garrett v. University of Alabama at Birmingham Board of Trustees*, all of which involved 42 U.S.C. § 2000d-7. To the extent Plaintiff relies on § 2000d-7, her argument is unavailing. The statute provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal Court for a violation of section 504 of the Rehabilitation Act [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d-7(a)(1). *Brockman*, *Robinson*, and *Garrett* held that a state's acceptance of federal funds constituted a knowing waiver of immunity for claims pursuant to section 504 of the Rehabilitation Act, which is specifically enumerated in the statute. *Brockman*, 342 F.3d at 1167-68; *Robinson*, 295 F.3d at 1189-90; *Garrett*, 344 F.3d at 1293.

Given that the FLSA is not listed in § 2000d-7, a state will not knowingly waive immunity for FLSA claims by accepting federal funds unless the FLSA is a "Federal statute prohibiting discrimination by recipients of Federal financial assistance." § 2000d-7(a)(1). By its terms, the FLSA applies to employers engaged in interstate commerce, not those who receive federal funds. *See* 29 U.S.C. §§ 206, 207. Accordingly, there is nothing in § 2000d-7 which unambiguously conditions the receipt of federal funds upon a waiver of immunity for FLSA claims. *See Huggins v. University of La. Sys. Bd. of Supervisors*, No. 08-1397, 2009 WL 223272, at *4 (W.D. La. Jan. 06, 2009) (Report and Recommendation of Mag., adopted Jan. 29, 2009); *cf. Sullivan v. University of Tex. Health Sci. Center at Houston*, 217 F. App'x 391, 395 (5th Cir. 2007) (holding ADEA was not "Federal statute prohibiting discrimination by recipients of Federal financial assistance" within the meaning of § 2000d-7 and therefore Texas did not waive immunity to suit for ADEA claims by accepting federal funds). Plaintiff has therefore failed to demonstrate that Florida waived sovereign immunity for

FLSA actions by accepting federal funds.

*Conclusion*

Accordingly, it is **ORDERED** that

1) The Report and Recommendation (Dkt. 87) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendant's Motion to Dismiss Amended Complaint (Dkt. 78) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

3) All pending motions are **DENIED** as moot.

4) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers on this 29th day of January, 2010.

*/s/ James D. Whittemore*
JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Plaintiff, *pro se*
Counsel of Record